2006 OK CIV APP 54

### In the Matter of the INCOME TAX PROTEST OF Casey Dean ALANI.

**Casey Dean Alani, Protestant/Appellant,**

v.

**Oklahoma Tax Commission, Respondent/Appellee.**

No. 101,068.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 27, 2005.

Certiorari Denied April 10, 2006.

Herbert Howell Blount, Jr., Bryan, TX, for Protestant/Appellant.

Douglas B. Allen, General Counsel, Sean R. McFarland, J.L. Miller, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, OK, for Respondent/Appellee.

Opinion by JANE P. WISEMAN, Judge.

¶ 1 Casey Dean Alani (Protestant), a nonresident of Oklahoma, seeks review of an order of the Oklahoma Tax Commission denying a protest to the Oklahoma Tax Commission's demand that Protestant file an income tax return in regard to royalty income received from oil and gas property located in Oklahoma. The issue on appeal is whether the Oklahoma Tax Commission (OTC) has jurisdiction to impose and collect income tax from a nonresident on oil or gas royalty income generated from Oklahoma property. We answer in the affirmative and affirm the OTC's order.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Upon receiving information that Protestant had sufficient royalty income in 1991 to require filing an income tax return, the OTC/Income Tax Division, on February 3, 1995, sent Protestant a letter advising him of the need to file a tax return. The letter further advised Protestant that 68 O.S. § 2369(D) authorizes the OTC "to order all production payments withheld upon a determination that a person has failed to file a state income tax return or to pay state income tax." The letter stated that Protestant was required to file a return within 30 days.

¶ 3 Protestant responded with a letter requesting a hearing, asserting the OTC had no right to collect income tax from him as a nonresident. Although Protestant admitted in the letter that he receives royalty income from property located in Oklahoma, he argued that the OTC has no personal jurisdiction to impose on or collect an income tax from him.

¶ 4 After several continuances, the protest was heard on September 23, 1997, by an administrative law judge. Protestant again admitted at the hearing that he receives royalty income from oil or gas leases in Oklahoma. With permission from the administrative law judge, the OTC filed a supplemental brief addressing issues that had been raised in the hearing.

¶ 5 On April 2, 2004, the administrative law judge issued findings of fact and conclusions of law, ultimately concluding that "royalties received by nonresidents as a result of their ownership of a mineral interest in land within Oklahoma are properly subject to Oklahoma income tax." The OTC adopted the administrative law judge's findings and recommendations on July 9, 2004. Protestant seeks review of the OTC's order.

## STANDARD OF REVIEW

¶ 6 Where a party is a nonresident, the record on appeal must affirmatively show the contacts required to satisfy due process. *Conoco Inc. v. Agrico Chem. Co.*, 2004 OK 83, ¶ 20, 115 P.3d 829, 835. "On *de novo* review, this Court will canvass the record for proof that the nonresident party had sufficient contacts with the state to assure that traditional notions of fair play and substantial justice would not be offended if this state exercised *in personam* jurisdiction." *Id.*

## ANALYSIS

¶ 7 Protestant argues that the State of Oklahoma, through the OTC, does not have the authority to tax his income or enforce the tax because he is a not a resident of Oklahoma and, therefore, the OTC does not have personal jurisdiction over him. According to Protestant's argument, the OTC's actions violate due process.

¶ 8 The Oklahoma Tax Code provides for taxing income of nonresidents attributable to the "ownership of any interest in real or tangible personal property in this state." 68 O.S.1991 § 2362(1)(a). According to the statute in effect in 1991, every nonresident individual having annual Oklahoma gross income of $1,000 or more was required to file a return. 68 O.S.1991 § 2368(A)(4). If a person who receives production payments, including royalty payments, fails to file an income tax return or pay income tax, the OTC may issue an order to withhold future production payments. 68 O.S.1991 § 2369(D)(1).

¶ 9 The United States Supreme Court has on several occasions addressed the issue of a state's jurisdiction to tax a nonresident. In *Shaffer v. Carter,* 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920), the nonresident taxpayer protested the Oklahoma state auditor's attempts to assess and collect income taxes from him. The taxpayer owned, developed, and operated a number of oil and gas mining leases and owned certain oil-producing land. He argued that, under the due process clause of the Fourteenth Amendment to the United States Constitution, Oklahoma did not have jurisdiction to levy a tax upon the income of nonresidents and that the lien on his property was invalid because it was imposed on all his real and personal property without regard to its relation to the production of his income. The Supreme Court rejected both arguments.

¶ 10 The Court held that states have "complete dominion over all persons, property, and business transaction within their borders; they assume and perform the duty of preserving and protecting all such persons, property, and business, and, in consequence, have the power normally pertaining to governments to resort to all reasonable forms of taxation in order to defray the governmental expenses." *Id.* at 50, 40 S.Ct. at 224–25. States may therefore tax the land as well as the crop, the tree as well as the fruit, the mine as well as the product, and the business as well as the profit derived from it. *Id.* at 50–51, 40 S.Ct. at 225. This right to tax applies equally to "incomes accruing to nonresidents from their property or business within the state." *Id.* at 52, 40 S.Ct. at 225. The Court reasoned:

> [T]he very fact that a citizen of one state has the right to hold property or carry on an occupation or business in another is a very reasonable ground for subjecting such nonresident, although not personally, yet to the extent of his property held, or his occupation or business carried on therein, to a duty to pay taxes not more onerous in effect than those imposed under like circumstances upon citizens of the latter state.

*Id.* at 53, 40 S.Ct. at 226.

¶ 11 The Court also determined that Oklahoma had jurisdiction to enforce the income tax. The Court held:

> [I]t is evident that the lien will rest upon the same property interests which were the source of the income upon which the tax was imposed. The entire jurisdiction of the state over appellant's property and business and the income that he derived from them—the only jurisdiction that it has sought to assert—is a jurisdiction in rem; and we are clear that the state acted within its lawful power in treating his property interests and business as having both unity and continuity.

*Id.* at 59, 40 S.Ct. at 228.

¶ 12 In addressing the issue of taxation of income of nonresidents, the Supreme Court has focused on the connection that the income has with the state as well as the protections provided by the states. In *International Harvester Co. v. Wisconsin Department of Taxation,* 322 U.S. 435, 64 S.Ct. 1060, 88 L.Ed. 1373 (1944), the state of Wisconsin imposed a tax on income derived from dividends paid to stockholders, including nonresidents, as measured by income earned by the corporation in Wisconsin. The Supreme Court upheld the tax as valid because "[a] state may tax such part of the income of a non-resident as is *fairly attributable* either *to property located in the state* or to events or transactions which, occurring there, are subject to state regulation and which are within the protection of the state and entitled to the numerous other benefits which it confers." *Id.* at 441–42, 64 S.Ct. at 1064 (emphasis added).

¶ 13 Appellate courts in other jurisdictions have likewise upheld taxation of nonresidents for income earned from various sources. For example, in *Couchot v. State Lottery Commission,* 74 Ohio St.3d 417, 659 N.E.2d 1225 (1996), the Ohio Supreme Court upheld the taxation of annual lottery payments made to a nonresident who had purchased a winning Ohio Super Lotto ticket. Tracking the language of relevant decisions from the United States Supreme Court, the Ohio Supreme Court upheld the tax because the income derived from participation in the Ohio lottery; the lottery is exclusively within the power, dominion, and control of Ohio; and

Ohio had incurred social and governmental costs in generating the income of which the winner was the beneficiary. *Id.* at 1229. The Court concluded, "Certainly, the state of Ohio has given something for which it can ask return." *Id. See also Kulick v. Dep't of Revenue,* 290 Or. 507, 624 P.2d 93 (1981) (taxation of nonresidents' shares of both distributed and undistributed income of Subchapter S corporation); *Bridges v. Autozone Props., Inc.,* 900 So.2d 784 (La.2005) (tax on dividends received from real estate investment trust and attributable to rent received on Louisiana property); *Borden Chems. & Plastics, L.P. v. Zehnder,* 312 Ill.App.3d 35, 244 Ill.Dec. 477, 726 N.E.2d 73 (2000) (taxation of distributable income earned in Illinois); *Geoffrey, Inc. v. South Carolina Tax Comm'n,* 313 S.C. 15, 437 S.E.2d 13 (1993) (taxation of trademark royalty income derived from sales).

¶ 14 The tax at issue in the case at bar is a tax on Protestant's royalty income attributable to oil or gas production from property located in Oklahoma. 68 O.S.1991 § 2362(1)(a). It is a tax on income fairly attributable to property located in Oklahoma. Oklahoma has assumed the duty of preserving and protecting oil and gas property located in Oklahoma, and it has passed legislation regulating the production of oil and gas. Oklahoma has the right to tax Protestant's income generated from oil or gas produced on Oklahoma land, the right to require Protestant to file a return on that income, and the right to enforce the tax through reservation of future royalty payments attributable to the same property.

¶ 15 Relying on *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), Protestant argues that personal jurisdiction is absent because OTC has not shown that he has "minimum contacts" with Oklahoma. *International Shoe,* however, did not overrule *Shaffer v. Carter,* 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920), or its progeny; in particular it did not overrule the principle that a state may tax income that is fairly attributable to property located within its borders. The Supreme Court stated that the due process clause "does not contemplate that a state

may make binding a judgment in personam arising against an individual or corporate defendant with which the state has *no contacts, ties, or relations.*" *International Shoe,* 326 U.S. at 319, 66 S.Ct. at 160 (emphasis added). In the case at bar, Protestant has a minimum or sufficient contact, tie, or relation with Oklahoma due to his ownership of a royalty interest in oil and gas located on Oklahoma land and his receipt of income attributable to that land. It is "reasonable and just according to our traditional conception of fair play and substantial justice" to permit Oklahoma to tax income derived from its land. *Cf. id.* at 320, 66 S.Ct. at 160; *see also Conoco Inc. v. Agrico Chem. Co.,* 2004 OK 83, ¶ 19, 115 P.3d 829, 835.

¶ 16 Protestant further argues that he did not receive constitutionally adequate notice because he "was not personally served, nor was notice sent by registered mail." The OTC sent Protestant a letter on February 3, 1995, advising him that he had received sufficient income to require the filing of a tax return. The letter further advised Protestant that, pursuant to 68 O.S.1991 § 2369(D), the OTC could order withholding of production payments. Protestant received this notice, timely responded, and continually protested the need to file a tax return. The OTC's letter complied with the Uniform Tax Procedure Code, 68 O.S.1991 §§ 201 through 263. In particular, the letter complied with Section 221(a), which provides that, in the event a taxpayer fails to file a return on a tax that is due, the OTC "shall in writing propose the assessment of taxes … and shall mail a copy of the proposed assessment to the taxpayer at his last-known address."

¶ 17 With respect to matters of taxation, "the due process provision of the [United States Constitution] is satisfied, if at some stage of the proceeding, either before or after the assessment of a tax, the party assessed has notice thereof and has an opportunity to be heard." *In re Thomas' Estate,* 1943 OK 115, ¶ 19, 136 P.2d 929, 932. Protestant received the OTC's notice of the need to file a return, as well as notice of the possibility that production payments would be withheld; Protestant was also afforded the opportunity to be heard on his protest of

the OTC's actions. Therefore, we reject Protestant's argument that it was necessary for the OTC to serve him personally or by registered mail.

¶ 18 Protestant also argues that he was coerced into appearing with the threat of seizure of production payments and that his appearance may be perceived as a waiver of personal jurisdiction. We must disagree with Protestant, as he has challenged jurisdiction from the outset. There is nothing in the record to indicate that the OTC or its administrative law judge considered the issue of personal jurisdiction waived.

¶ 19 A further argument from Protestant is that the OTC erred in admitting evidence after the close of the September 23, 1997, hearing. The evidence was submitted in OTC's supplemental brief which it filed with permission of the administrative law judge. It was a copy of a deed from Ghalib and Leatrice Alani granting to Protestant their "undivided interest in and to all of the oil, gas and other minerals in and under and that may be produced from" four tracts of property in Pittsburg County.

¶ 20 Protestant filed a response to the OTC's supplemental brief, but did not object to admission or consideration of the deed. Where no objection to evidence appears in the appellate record, we will not consider on appeal its allegedly erroneous admission. *See Weathers v. Fulgenzi,* 1994 OK 119, ¶ 23, 884 P.2d 538, 543. We further note that Protestant fails to show that he was prejudiced by the admission of the deed. The issue for consideration is whether the OTC has jurisdiction to tax royalty income received by Protestant attributable to Oklahoma land. Protestant has admitted from the very beginning that he receives royalty income and that the proposed tax affects that income; the deed does not contradict or support Protestant's admission.

## CONCLUSION

¶ 21 The OTC has personal jurisdiction to assess and collect a tax on Protestant's royalty income that is attributable to property within Oklahoma. The OTC's order is therefore affirmed.

AFFIRMED.

REIF, P.J., and GABBARD, J., concur.